(No. 75-CV-0421

IN RE APPLICATION OF GARY LEE BAXTER

*Opinion filed August 25, 1977.*

DICK H. MUDGE, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General for Illinois; HOWARD FELDMAN, Assistant Attorney General.

POLOS, C.J.

This claim arises out of an alleged criminal offense that occurred on March 4, 1974, at Tower Lake Apartments at Southern Illinois University in Edwardsville, Illinois. Gary Lee Baxter seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill.Rev.Stat. Ch. 70, para. 71,* et seq., hereinafter referred to as the Act.

The claim was denied by an order entered on October 2, 1975, wherein this Court found that the Claimant and his assailant, were members of the same household at the time of the incident, and that recovery was therefore precluded under the Act. Pursuant to Section 9 of the Act, Claimant requested a hearing on modification of that order.

The Court has carefully considered the transcript of that hearing, the application for benefits filed by Claimant on the form prescribed by the Court, and the investigatory report of the Attorney General of Illinois.

Based upon these documents and other evidence submitted to it, the Court finds:

1. Gary Lee Baxter, age 25, of 407-2D Tower Lake Apt., Edwardsville, Illinois, was a victim of a violent crime, as defined in Sec. 2(c) of the Act, to wit: "Battery" *(Ill.Rev.Stat., ch. 38, para. 12.)*

2. Claimant was a student at Edwardsville, Illinois. On March 4, 1974, at approximately 7:30 p.m. in apartment 406-2D at Tower Lake Apts., at Southern Illinois University, Claimant was attacked by one of his roommates, Dwight C. Williams. Williams struck the Claimant on his right arm with a metal bed rail causing a compound fracture of the arm.

3. The appropriate law enforcement officials were notified of the perpetration of the crime.

4. Claimant cooperated fully with law enforcement officials in the apprehension and prosecution of the assailant. On May 10, 1974, Dwight C. Williams entered a plea of guilty to a charge of battery.

5. The injury to the Claimant was not substantially attributable to his wrongfuly act or substantial provocation of his assailant.

6. Claimant's notice and application were filed within the appropriate time limitations.

7. Claimant and the assailant were not related.

The issue in this case is the interpretation of the phrase "same household" as it appears in Section 73(e) of the Act, which makes recovery conditional upon proof that "the victim and his assailant were not related, and sharing the same household."

In its order of October 2, 1975, this Court concluded that: "The assailant, Dwight C. Williams, at the time of

the incident resided with Gary Lee Baxter and shall be considered a member of the same household of Gary Lee Baxter." On this ground the Court denied the Claimant's application.

At the hearing herein, the Claimant testified that he did not know his assailant before he became his roommate and that he had not requested his assailant for a roommate. The Claimant described his living quarters as having a common living room, dining room, kitchen, and bathroom. There were two separate bedrooms and two people lived in each bedroom. Claimant did not sleep in the same bedroom as his assailant.

*Black's Law Dictionary,* 4th Edition, defines "household" as: "A family living together. Those who dwell under the same roof and compose a family." Household is commonly held synonymous with family, and includes all those persons who are gathered together under one domestic head.

It is the opinion of the Court that a "household" did not exist in the relationship between the Claimant and his assailant. They were simply sharing living quarters while at college. Claimant had not requested the assailant for a roommate and they only shared certain common elements of an apartment. The Court therefore concludes that Claimant and his assailant were not sharing a household.

The Court further finds that Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

Claimant seeks compensation for medical expenses but not for loss of earnings. Claimant incurred the following medical expenses:

| St. Joseph's Hospital | $ 44.98 |
| St. Elizabeth Hospital | 61.12 |
| Alton Memorial Hospital | 1,016.10 |
| Alton Orthopedic Clinic | 675.00 |
| | $1,797.20 |

Claimant has received approximately $600.00 from his assailant, Dwight Williams, and pursuant to Section 7(d) of the Act, $200.00 must be deducted from all claims.

| Hospital and Medical Expenses | $1,797.20 |
| Contribution from Dwight Williams | -600.00 |
| Less $200.00 deductible | -200.00 |
| | $ 997.20 |

It is hereby ordered that the sum of $997.20 be awarded to Gary Lee Baxter, as the innocent victim of a violent crime. The Court further finds that the sum of $200.00 is a fair and reasonable attorney's fee for the representation of Claimant at the hearing herein.